JUDGE BAER

14 CV 2466

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARIEL SILVERIO,

                          Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER
ENLIRAT GJEVUKAJ (SHIELD NO.: 8576) AND
POLICE OFFICERS JOHN DOES 1 – 4,

                         Defendants.
-----------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

Index No.    CV

RECEIVED APR 08 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by his attorney, Jason L. Lopez, as and for their complaint hereby alleges as follows:

## Parties

1. Plaintiff ARIEL SILVERIO presently resides and is domiciled in the State of New York.

2. Upon information and belief defendant the CITY OF NEW YORK (hereinafter "City") is a municipal corporation domiciled in the State of New York.

3. Upon information and belief, defendant POLICE OFFICER ENLIRAT GJEVUKAJ (SHIELD NO.: 8576) (hereinafter "Gjevukaj") resides and is domiciled in the State of New York.

4. Upon information and belief, defendants POLICE OFFICERS JOHN DOES 1-4 (hereinafter "John Does") reside and are domiciled in the State of New York.

## Jurisdiction -Venue

5. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and

laws of the State of New York. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and §1343(a)(3)(4).

6. Venue on this action lies in the Southern District of New York pursuant to 28 U.S.C. §1391 as the events giving rise to this action occurred in the Southern District.

General Allegations of Fact

7. Plaintiff ARIEL SILVERIO presently resides in New York County.

8. At all times relevant hereto, the City maintained, controlled and operated the New York City Police Department which is empowered under the laws of the State and City of New York to prevent, respond to and investigate crimes.

9. Upon information and belief, at all times relevant hereto, Police Officer Gjevukaj was employed by the New York City Police Department. As such, Police Officer Gjevukaj possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

10. Upon information and belief, at all times relevant hereto, JOHN DOES 1 - 4 were employed by the New York City Police department as police officers. As such, Officer JOHN DOES 1 - 4 possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

11. On May 31, 2013 plaintiff was lawfully in the vicinity of Audobon Avenue and West 180th Street, New York, NY when he was taken into custody by Police Officer Gjevukaj and Police Officers John Does 1-4.

12. Eventually, Plaintiff was transported to a Precinct controlled and operated by defendants and ultimately to Central Booking located at 100 Centre Street. Plaintiff was released on June 1, 2013.

13. Plaintiff was charged under New York County Docket No.: 2013NY043002 with one count of False Personation §190.23 and one count of Consumption of Alcohol in Public Administrative Code §10-125.

14. Thereafter, Plaintiff attended several court appearances pertaining to New York County Docket No.: 2013NY043002. Ultimately, the case was dismissed on February 19, 2014.

## FIRST CAUSE OF ACTION
### VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983

15. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 14.

16. At all times pertinent hereto the defendants acted under color of law in connection with their false arrest and imprisonment of plaintiff.

17. That on May 31, 2013 the defendants wrongfully seized, detained, searched, arrested and imprisoned Plaintiff in violation of his constitutional rights including but not limited to violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution in violation of his rights secured by the Constitution and laws of the State of New York. That on May 31, 2013 Defendant City of New York had customs, policies and practices in place that allowed for the aforementioned actions and inactions.

## GENERAL DAMAGE

18. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 17.

19. As a result of the actions and inactions of the defendants set forth herein, the plaintiff was caused to incur a violation of his civil and constitutional rights.

20. As a result of the actions of the defendants set forth herein, the plaintiff was caused to sustain shock, embarrassment, humiliation, and fear that prevents the plaintiff from

engaging in and enjoying ordinary daily activities, nervousness, anxiety and stress. As such, the plaintiff seeks damages in the amount of seventy five thousand dollars ($75,000).

21. This action falls within one of the exceptions set forth in C.P.L.R. Article 16.

## PUNITIVE DAMAGES

22. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 21.

23. The defendants actions as set forth herein rise to a level of wanton, reckless, malicious and intentional disregard of the plaintiffs civil and constitutional rights and as such the plaintiff herein requests that this court impose punitive damages as a result of said actions.

## SPECIAL DAMAGES

24. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 23.

25. Plaintiff seeks to recover reasonable attorneys fees and costs associated with the prosecution of this civil action pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff demands judgment against the defendants for the amount in excess of the jurisdictional limits of the Court together with attorney's fees, interest, costs, and such other relief as the court may deem appropriate.

Dated: New York, NY
       March 31, 2014

                              LAW OFFICE OF JASON LOPEZ
                              By: JASON L. LOPEZ

                              _____
                              *Attorneys for Plaintiff*
                              325 Broadway, Suite 404
                              New York, NY 10007
                              (212) 964-4144

## VERIFICATION

I, Ariel Silverio, am the plaintiff in the annexed action and have read the foregoing complaint and believe the contents thereof to be true to the best of my knowledge other than those matters stated to be upon information and belief of which I believe the same to be true.

_____
ARIEL SILVERIO

Sworn before me this
3/31 day of March 2014

_____
NOTARY PUBLIC
Jason L. Lopez
Notary Public, State of New York
No. 02LO6087319
Qualified in New York County
Commission Expires February 18, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ARIEL SILVERIO,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
ENLIRAT GJEVUKAJ (SHIELD NO.: 8576) AND
POLICE OFFICERS JOHN DOES 1 – 4,

                      Defendants.
------------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

Index No.    CV

## SUMMONS & VERIFIED COMPLAINT

LAW OFFICE OF JASON LOPEZ
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

The undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: March 31, 2014

                                                Jason L. Lopez

Service of the within is hereby admitted
Dated:

                                                Attorney(s) for